# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 2137 | DATE | 10/22/2001 |
| CASE TITLE | JOSLYN M. RANSOM vs. ROHR-GURNEE VOLKSWAGEN, ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Motion (22-1) to consolidate is granted. Motion (7-1 and 22-1) to dismiss is granted/denied in part. Counts I and V are dismissed against defendant VCI only. Count IV is dismissed against both defendants.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 23 2001 | |
| ✓ | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | docketing deputy initials | |
| DW | courtroom deputy's initials | 01 OCT 22 PM 4:21 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JOSLYN M. RANSOM,

    Plaintiff,

v.

ROHR-GURNEE VOLKSWAGEN, INC.,
doing business as GURNEE
VOLKSWAGEN, and VW CREDIT, INC.,

    Defendants.

No. 01 C 2137
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Gurnee Volkswagen ("Gurnee") is accused of duping one of its customers into accepting a less expensive car than the one she ordered and paid for. Joslyn Ransom thought she was buying a 1997 VW Jetta GLS. All of the papers she signed in connection with the purchase of her car (installment contract, Odometer Disclosure Statement, and purchase order) identified her car as a GLS model. In fact, the car that Gurnee gave her was an inferior Jetta GT, a model that sells for about $1000 less than the GLS.

In a six-count complaint, Ransom has filed suit against Gurnee and VW Credit, Inc. ("VCI"), the assignee of Ransom's retail installment contract. Plaintiff's federal claims, brought under the Truth in Lending Act ("TILA"), the Magnuson-Moss Act ("Magnuson-Moss Act"), and the federal Odometer Act ("Odometer Act"), are all based upon the alleged misrepresentation of the model of the purchased vehicle. There are also state law fraud claims.

Before me is VCI's motion to dismiss Ransom's Complaint. On a motion to dismiss for failure to state a claim, I accept the well-pleaded allegations of the complaint as true, construe ambiguities in favor of the plaintiff, and will dismiss only if plaintiff can prove no set of facts to

27

support her claims. Fed. R. Civ. P. 12(b)(6); *Kelley v. Crosfield Catalysts*, 135 F.3d 1202, 1205 (7th Cir. 1998); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### I. Preservation of Claims Language

The claims against VCI are premised, in part, upon the preservation of claims language which, according to regulations promulgated under the Federal Trade Commission Act, 16 CFR § 433.2, must appear in every consumer credit contract:

> "ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS AND SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER."

The effect of this clause is to confirm the right of buyers to withhold payment – it removes the assignee's status as a holder in due course. While, as a general rule, assignees are subject to the same claims and defenses that a buyer can assert against a seller, certain limitations apply. In its Amended Complaint, plaintiff concedes that it cannot assert a TILA claim against VCI because assignees are not liable under TILA for misrepresentations made by automobile sellers unless they are apparent on the face of the disclosure statement signed. See 15 U.S.C. § 1641(a); *Taylor v. Quality Hyundai*, 150 F.3d 689 (7th Cir. 1998). The TILA claim is out, as against defendant VCI. The Odometer Act, Magnuson-Moss, and state law claims remain to be discussed.

## II. Federal Odometer Act

I first address Count VI, an alleged violation of the Odometer Act, since it forms the jurisdictional basis for the lawsuit.

Ransom would have me find that Gurnee violated the Odometer Act by misrepresenting the make and model of the vehicle it sold her. She relies upon the plain language of 49 C.F.R. § 580.5, which requires disclosure of the identity of the vehicle, including its make, model, and body type.

I agree that where odometer fraud is alleged, falsely identifying a car's make and model could constitute a violation of the Act. As plaintiff points out, odometer fraud is often accomplished by removing vehicle identification tags from a low-mileage vehicle and welding them on to an older vehicle. Consequently, there is a link between the requirement to provide accurate make and model information and the purpose of the Act: to "prohibit tampering with motor vehicle odometers" and to "provide safeguards to protect purchasers in the sale of motor vehicles with altered or reset odometers." 49 U.S.C. § 32701(b).

Here, however, there is no allegation of odometer fraud. Plaintiff cannot cite a single case (and I have found none) which holds that the Act prohibits misstatements of vehicle model unrelated to a claim of odometer tampering. Every federal court to have considered the question has held that misrepresentations of a car's model and body type do not constitute a violation of the Odometer Act. *See Michael v. Ferris Auto Sales*, 650 F. Supp. 975 (D. Del. 1987); *Leslie v. Thompson Ford, Inc.*, 484 F. Supp. 954, 956 (N.D. Ga. 1979); *Purser v. Bill Campbell Porsche Audi, Inc.*, 431 F. Supp. 1235 (N.D. Fla. 1977). Ransom cannot maintain an action under the Odometer Act where she makes no allegation of odometer tampering. This claim is dismissed.

3

### III. Breach of Implied Warranty under Magnuson Moss Consumer Product Warranty Act, 15 U.S.C. § 2310

Ransom's potential recovery against VCI is limited to the amount of her loan–approximately $13,000. A Magnuson-Moss claim for an amount less than $50,000 may be brought in federal court so long as some other basis of federal jurisdiction exists. In this case, in the absence of the Odometer Act claim, there is no independent basis for federal jurisdiction. The motion to dismiss Count V is granted.

### IV. Illinois Consumer Fraud Act

The Illinois Supreme Court's recent holding in *Jackson v. South Holland Dodge*, No. 89371 (January 2001) is fatal to Count I, which alleges a violation of the Illinois Consumer Fraud Act, 815 ILCS 505/10a. In *Jackson*, the court clearly stated that an assignee's compliance with its duties under TILA is a defense to the Consumer Fraud Act. As assignee, VCI's sole duty under the TILA was to review the face of the assigned documents for apparent defects. *See id.* at 9; 15 U.S.C. § 1641. Plaintiff concedes that VCI complied with its TILA obligation. This claim is dismissed as against VCI.

### V. Breach of Express Warranty, Common Law Fraud

VCI offers no grounds upon which the remaining state law claims should be dismissed. These claims survive. In the interest of the most efficient resolution of this matter, I will exercise my supplemental jurisdiction over them.

## VI. Conclusion

VCI's motion to consolidate [22-1] is granted. The consolidated motions to dismiss [7] [22-2] are granted in part and denied in part. Counts I and V are dismissed as against defendant VCI only. Count IV is dismissed as against both defendants.

ENTER:

*/s/ James B. Zagel*
James B. Zagel
United States District Judge

DATE: *Oct 22, 2001*